## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ILLUMINA, INC. AND ILLUMINA
CAMBRIDGE, LTD.,

                Plaintiffs,

      v.

ELEMENT BIOSCIENCES, INC.,

                Defendant.

C.A. No. 25-602-RGA

---

## DEFENDANT ELEMENT BIOSCIENCES, INC.'S OPENING BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

<table>
<tr>
<td>

*Of Counsel*:

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Kevin P.B. Johnson
Andrew J. Bramhall
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
kevinjohnson@quinnemanuel.com
andrewbramhall@quinnemanuel.com

David Bilsker
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davidbilsker@quinnemanuel.com

Dated: July 28, 2025

</td>
<td>

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Pilar G. Kraman (No. 5199)
Jennifer P. Siew (No. 7114)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
jsiew@ycst.com

*Attorneys for Defendant Element Biosciences,
Inc.*

</td>
</tr>
</table>

**<u>TABLE OF CONTENTS</u>**

<u>**Page**</u>

I.    INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDINGS..................1

II.   SUMMARY OF THE ARGUMENT ...............................................................1

III.  STATEMENT OF FACTS ..................................................................................2

    A.    The Parties ........................................................................................................2

    B.    The Amended Complaint's Bare Allegations ...........................................................3

IV.   ARGUMENT ..........................................................................................................5

    A.    Illumina's Willful and Indirect Infringement Claims for the Patents-in-Suit
        Should Be Dismissed for Failing to Allege Pre-Suit Knowledge of the
        Patents or Knowledge of Infringement ....................................................................5

        1.    Illumina Fails to Plausibly Allege Willful Infringement ............................5

            (a)    Illumina's Pre-Suit Knowledge Allegations Are Insufficient.........5

            (b)    Illumina's Claim for Enhanced Damages Also Fails......................7

        2.    Illumina Fails to Plausibly Allege Indirect Infringement ...........................8

    B.    Illumina Fails to State a Claim for Pre-Notice Damages........................................9

V.    CONCLUSION...............................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                               **Page(s)**

*B# on Demand LLC v. Spotify Tech. S.A.*,
    484 F. Supp. 3d 188 (D. Del. 2020)..................................................................................5, 7, 8

*Bench Walk Lighting LLC v. LG Innotek Co.*,
    530 F. Supp. 3d 468 (D. Del. 2021)..........................................................................................10

*Bradium Techs. LLC v. Microsoft Corp.*,
    No. 15-031-RGA, D.I. 40 (Order) (D. Del. Feb. 2, 2016) .........................................................6

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015)....................................................................................................................8

*Deere & Co. v. ACGO Corp.*,
    No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019)................................................6, 9

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
    No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) ...........................................5, 9

*Express Mobile, Inc. v. Liquid Web, LLC*,
    No. 18-1177-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019).............................................10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016)................................................................................................................8

*Helios Streaming, LLC v. Vudu, Inc.*,
    No. 19-1792-CFC-SRF, 2020 WL 2332045 (D. Del. May 11, 2020) ......................................7

*iFIT Inc. v. Peloton Interactive, Inc.*,
    No. 21-507-RGA, 2022 WL 609605 (D. Del. Jan. 28, 2022)................................................6, 7

*In re Illumina, Inc., & Pacific Biosciences of California, Inc. (PacBio)*,
    File No. 191-0035, 2019 WL 7168931 (F.T.C. Dec. 17, 2019) ................................................3

*Illumina, Inc. v. Complete Genomics, Inc.*,
    No. 10-5542-EDL, D.I. 1 (N.D. Cal. Aug. 3, 2010) .................................................................3

*Illumina, Inc. v. Complete Genomics, Inc.*,
    No. 12-1465-BEN-BGS, D.I. 1 (S.D. Cal. June 15, 2012) ........................................................3

*Illumina, Inc. v. Oxford Nanopore Techs. Ltd.*,
    No. 16-477-DMS-MDD, D.I. 1 (S.D. Cal. Feb. 23, 2016) ........................................................3

*LiTL LLC v. Lenovo (United States), Inc.*,
    No. 20-689-RGA, 2022 WL 610739 (D. Del. Jan. 21, 2022)................................................7, 9

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012)........................................................................6

*Solarex Corp. v. Arco Solar, Inc.*,
    805 F. Supp. 252 (D. Del. 1992)...........................................................................8

*Volterra Semiconductor LLC v. Monolithic Power Sys.*,
    No. 19-2240-CFC, 2021 WL 4476998 (D. Del. Sept. 30, 2021)............................8

*Wrinkl, Inc. v. Facebook, Inc.*,
    No. 20-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021)...........................7

**Statutes**

35 U.S.C. § 287.........................................................................................................9

## I.    INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDINGS

Element Biosciences is a successful start-up whose mission is to empower the scientific community with freedom and flexibility by making advanced biological tools more accessible and affordable.  This is a case about a known monopolist in the field – Illumina – seeking to stifle and harm Element and its mission.  Having followed Element's rise for years, and in need of a scapegoat for its own recent self-inflicted struggles, Illumina has turned to its old playbook for how to deal with any competition that proves to be a threat: litigate into submission.

To that end, on May 15, 2025, Plaintiffs Illumina, Inc. and Illumina Cambridge Ltd. (collectively "Illumina") filed this action against Defendant Element Biosciences, Inc. ("Element") alleging infringement of five patents—U.S. Patent No. 12,151,241 (the "'241 Patent"); U.S. Patent No. 8,951,781 (the "'781 Patent"); U.S. Patent No. 11,117,130 (the "'130 Patent"); U.S. Patent No. 11,697,116 (the "'116 Patent"); and U.S. Patent No. 12,251,702 (the "'702 Patent").  D.I. 1 (the "Original Complaint").  On June 11, 2025, Illumina filed an Amended Complaint, adding allegations of infringement of a sixth patent—U.S. Patent No. 12,325,028 (the "'028 Patent", collectively with the '241, '781, '130, '116, and '702 Patents, the "Patents-in-Suit").  D.I. 12 (the "Amended Complaint").  Element now moves to dismiss portions of Illumina's Amended Complaint.

## II.    SUMMARY OF THE ARGUMENT

Illumina's Amended Complaint fails to adequately plead indirect infringement, willful infringement, and pre-suit damages.

*First*, the Court should dismiss Illumina's willful and indirect infringement claims because Illumina has not plausibly plead pre-suit knowledge of the Patents-in-Suit.  For the most recently added '028 Patent, Illumina only alleges knowledge as of the date of the Amended Complaint.  For

the other Patents-in-Suit, Illumina relies on conclusory allegations of Element having knowledge either on the dates they were issued or on the date Illumina filed its Original Complaint. Neither theory of pre-suit knowledge provides a plausible basis for Illumina's willful and indirect infringement claims.

***Second,*** the Court should dismiss Illumina's claims to the extent they seek damages predating the start of this litigation. None of the asserted claims are method claims. Illumina failed to allege any facts showing it complied with the requirements of 35 U.S.C. § 287 to mark its products that practice the Patents-in-Suit with the relevant patent numbers. Accordingly, Illumina has not pled any plausible basis for any entitlement to damages predating its filing of its Original Complaint.

## III.    STATEMENT OF FACTS

### A.    <u>The Parties</u>

Based in San Diego, California and founded in 2017, Element is an innovative life science start-up founded to reimagine and democratize access to high-performance, low-cost genomic sequencing and multiomic analysis. Built by a team of leading scientists and engineers, Element developed its AVITI™ and AVITI24™ platforms from the ground up, introducing novel chemistry (including avidite base chemistry (ABC)), optics, and engineering solutions that have been widely recognized as breakthroughs in the field. The company has raised hundreds of millions of dollars from top-tier investors, reflecting broad recognition of the technical sophistication and commercial promise of its platform. Element's rapid growth and customer adoption are a direct result of its commitment to technical excellence, transparency, and customer-centric innovation—not unfair competition or infringement as alleged.

Illumina, by contrast, is a next-generation sequencing (NGS) incumbent monopolist whose business strategy has increasingly relied on suppressing competition rather than fostering

2

innovation.  *See In re Illumina, Inc., & Pacific Biosciences of California, Inc. (PacBio)*, File No. 191-0035, 2019 WL 7168931, at \*1 (F.T.C. Dec. 17, 2019) ("Illumina is a monopolist.").  Illumina has a well-documented history of using its market power and expansive patent portfolio to intimidate and burden emerging competitors it perceives as threats, particularly start-ups like Element that offer lower-cost or more efficient alternatives to Illumina's conventional sequencing technology.  *See, e.g.*, *Illumina, Inc. v. Complete Genomics, Inc.*, No. 10-5542-EDL, D.I. 1 (N.D. Cal. Aug. 3, 2010); *Illumina, Inc. v. Complete Genomics, Inc.*, No. 12-1465-BEN-BGS, D.I. 1 (S.D. Cal. June 15, 2012); *Illumina, Inc. v. Oxford Nanopore Techs. Ltd.*, No. 16-477-DMS-MDD, D.I. 1 (S.D. Cal. Feb. 23, 2016).  Illumina's actions have deprived scientific and research communities of better and less expensive alternatives, and it appears to be pulling a page out of its monopolistic playbook yet again with this lawsuit.

**B.  The Amended Complaint's Bare Allegations**

The Amended Complaint accuses Element of direct, induced, and willful infringement of the Patents-in-Suit.

For willful infringement of the '241, '781, '116, '130, and '702 Patents, the Amended Complaint provides only boilerplate paragraphs stating in conclusory fashion that "Element has committed acts of infringement willfully and intentionally after notice of infringement."  D.I. 12 ¶¶ 97, 119, 160, 210, 247.  For most of these Patents-in-Suit the only supporting allegation in these paragraphs is one about the filing of the Original Complaint—namely, that "at least since May 15, 2025, when Illumina filed and served on Element a complaint alleging that Element infringes" the Patents-in-Suit.  *Id.* ¶¶ 97, 119, 160, 210, 247.[1]  For the '702 Patent, the Amended Complaint also

---

[1]  For the '028 Patent, the Amended Complaint merely alleges notice since the date of Illumina's filing of the Amended Complaint.  *Id.* ¶ 277.

alleges Element "has been on notice of the infringement alleged in this Count since at least on or around the publication of U.S. Patent Application No. 18/827,174 (Publication No. US 2024/0424500)—from which the '702 Patent issued—on December 26, 2024." *Id.* ¶ 247. The Amended Complaint does not allege any fact demonstrating that, before this lawsuit, Element knew or should have known of any of the Patents-in-Suit (as opposed to published patent applications). Illumina nonetheless demands enhanced damages in its Prayer for Relief for Element's alleged infringement of each of the Patents-in-Suit. *Id.* at p. 152.

With respect to indirect infringement, for each count, the Amended Complaint recites boilerplate and formulaic allegations for all Patents-in-Suits that parrot the legal elements of § 271(b). The Amended Complaint, for example, alleges with respect to induced infringement only that:

> Element has induced and continues to induce its customers to directly infringe the [Patents-in-Suit] by taking actions that include, but are not limited to, advertising its products and services and their infringing uses, including on Element's website; establishing distribution channels for these products in the United States; drafting, distributing or making available product specifications, instructions or user manuals for the products to Element's customers and prospective customers and/or providing technical support or other services for the products to Element's customers and prospective customers" such that "Element knows that when Element's customers use the AVITI Systems as directed by Element, Element's customers are directly infringing the [Patents-in-Suit].

*Id.* ¶ 96; *see also id.* ¶¶ 118 (same for '781 patent), 159 (same for '130 patent), 209 (same for '126 patent), 246 (same for '702 patent), 276 (same for '028 patent).[2] This is simply not enough.

Finally, as to pre-suit damages, the Amended Complaint is utterly silent as to Illumina's compliance with the marking requirements of 35 U.S.C. § 287, despite admitting that Illumina's

---

[2] Illumina's allegation for the '702 Patent includes the Element Sequencing Kits. *See id.* ¶ 246.

MiSeq and MiniSeq products allegedly practice at least some claims of the Patents-in-Suit. *Id.* ¶¶ 30, 36.

## IV.    ARGUMENT

### A.    <u>Illumina's Willful and Indirect Infringement Claims for the Patents-in-Suit Should Be Dismissed for Failing to Allege Pre-Suit Knowledge of the Patents or Knowledge of Infringement</u>

Illumina's willful and indirect infringement claims should be dismissed because Illumina fails to plausibly allege that Element had pre-suit knowledge of any of the Patents-in-Suit, let alone knowledge of infringement—which is fatal to these claims. *See, e.g.*, *B# on Demand LLC v. Spotify Tech. S.A.*, 484 F. Supp. 3d 188, 206 (D. Del. 2020) (dismissing indirect and willful infringement claims because complaint failed to sufficiently allege any "basis for pre-suit knowledge of any of the patents-in-suit").

#### 1.    Illumina Fails to Plausibly Allege Willful Infringement

A "willful infringement-based claim for enhanced damages survives a motion to dismiss if it alleges facts from which it can be plausibly inferred that the party accused of infringement: (1) had knowledge of or was willfully blind to the existence of the asserted patent ***and*** (2) had knowledge of or was willfully blind to the fact that the party's alleged conduct constituted, induced, or contributed to infringement of the asserted patent." *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, No. 19-1239-CFC, 2020 WL 4365809, at *5 (D. Del. July 30, 2020) (emphasis added).

##### (a)    Illumina's Pre-Suit Knowledge Allegations Are Insufficient

Here, Illumina does not plausibly allege Element had pre-suit knowledge of any of the Patents-in-Suit. At best, for some of the Patents-in-Suit, the Amended Complaint has a conclusory paragraph that "Element has been on notice of the infringement alleged in this Court since on or around the issuance of" those Patents." D.I. 12 ¶¶ 97 (the '241 Patent), 119 (the '781 Patent), 160

(the '130 Patent), 210 (the '116 Patent).  Such conclusory allegations of pre-suit knowledge based on the mere issuance of an asserted patent, and thus devoid of any facts about the allegedly knowledgeable party, are routinely dismissed by Courts in this district.  *See, e.g.*, *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 233 (D. Del. 2012) (plaintiff "cites no authority for imposing a duty on Defendants to indefinitely track a particular patent in anticipation of a potential infringement lawsuit"); *Bradium Techs. LLC v. Microsoft Corp.*, No. 15-031-RGA, D.I. 40 (Order) (D. Del. Feb. 2, 2016) (granting motion to dismiss pre-suit induced, contributory, and willful infringement because there was "no allegation in the complaint (other than conclusory 'on belief assertions []') that would make plausible the conclusion that Microsoft knew [it] infringed the three patents. . . . Having one of the asserted patents cited by the patent examiner on an issued Microsoft patent [was] insufficient [and] the vague licensing letters do not help Plaintiff's case on the knowledge of infringement issue.") (attached as Ex. 1); *Deere & Co. v. ACGO Corp.*, No. 18-827-CFC, 2019 WL 668492, at *6 (D. Del. Feb. 19, 2019) (dismissing claims for enhanced damages based on willful infringement because of "the absence of any non-conclusory allegation" of pre-suit knowledge).

In the alternative, Illumina alleges Element has been on notice of the Patents-in-Suit (excluding the '028 Patent) "at least since May 15, 2025, when Illumina filed and served on Element a complaint alleging that Element infringes" the Patents-in-Suit.  D.I. 12 ¶¶ 97, 119, 160, 210, 247, 277.  But this Court has held a patentee does not plausibly plead pre-suit knowledge based on the mere filing of an original complaint.  *iFIT Inc. v. Peloton Interactive, Inc.*, No. 21-507-RGA, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022) ("My view is that an amended complaint cannot rely upon the original complaint as a basis to allege knowledge for a willful infringement claim."); *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-1345-RGA, 2021 WL 4477022, at *7 (D. Del.

Sept. 30, 2021) ("[W]hile a plaintiff could file an amended complaint alleging willfulness, when there is no pre-suit knowledge, it is not sufficient merely to allege the defendant has knowledge since the filing of the original complaint and has not ceased doing whatever the infringing behavior is alleged to be."); *LiTL LLC v. Lenovo (United States), Inc.*, No. 20-689-RGA, 2022 WL 610739, at *10 (D. Del. Jan. 21, 2022) ("[A]n amended complaint cannot rely upon the original complaint as a basis to allege knowledge for a willful infringement claim.").

Finally, for the '702 Patent, Illumina alleges notice based on the publication of U.S. Patent Application No. 18/827,174 (Publication No. US 2024/0424500)—from which the '702 Patent issued—on December 26, 2024, about five months before this lawsuit.  D.I. 12 ¶ 247.  But this Court has also held that allegations that the alleged infringer had knowledge of the patentee's patent application, prosecution, or issuance are insufficient, without more, to plead pre-suit knowledge.  *iFIT*, 2022 WL 609605, at *2 ("Knowledge of a patent application alone [] is not enough to establish knowledge of the patent(s) that issued from that application and therefore not enough to establish willfulness."); *Wrinkl*, 2021 WL 4477022, at *7 ("If [the ongoing prosecution and eventual issuance of a patent] were sufficient [to allege pre-suit knowledge] it would effectively support a finding of pre-suit knowledge for every patent."); *accord Helios Streaming, LLC v. Vudu, Inc.*, No. 19-1792-CFC-SRF, 2020 WL 2332045, at *3 (D. Del. May 11, 2020) (patent application does not provide notice of the issuing patent).

Yet, Illumina has pleaded nothing more to support pre-suit knowledge than the mere publication of a pending patent application.  Because Illumina fails to plausibly allege pre-suit knowledge of the Patents-in-Suit—let alone knowledge of infringement of the Patents—its willful infringement claims should be dismissed.  *See B# on Demand*, 484 F. Supp. 3d at 206.

        **(b)**       **Illumina's Claim for Enhanced Damages Also Fails**

Similarly, Illumina's reflexive claim for enhanced damages (D.I. 12 at p. 152) is legally erroneous and cannot stand. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933-34 (2016) ("Consistent with nearly two centuries of enhanced damages under patent law, however, such punishment should generally be reserved for egregious cases typified by willful misconduct."); *see also Solarex Corp. v. Arco Solar, Inc.*, 805 F. Supp. 252, 277 (D. Del. 1992) ("Stated another way, '[w]illfulness is established only where it is shown that there was a deliberate purpose to infringe, and such a purpose is not found where the validity of the patent and any possible infringement is open to honest doubt.'" (alteration in original) (citation omitted)). Illumina has not alleged, much less with factual plausibility, that Element's actions were "willful," "wanton," "malicious," or in "bad faith," and this claim therefore also fails.

### 2.    Illumina Fails to Plausibly Allege Indirect Infringement

Inducement requires "knowledge of the patent in suit and knowledge of patent infringement[.]" *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). To plausibly allege inducement, "a complaint must plead facts plausibly showing that the accused infringer specifically intended [another party] to infringe [the patent] and ***knew*** that the [other party]'s acts constituted infringement." *Volterra Semiconductor LLC v. Monolithic Power Sys.*, No. 19-2240-CFC, 2021 WL 4476998, at *5 (D. Del. Sept. 30, 2021) (emphasis added) (alterations in original). Illumina has shown neither.

Since Illumina fails to adequately plead pre-suit knowledge to support its willful infringement allegations and has alleged no facts at all to suggest that Element specifically intended another party to infringe, Illumina's induced infringement claims should also be dismissed. *See, e.g.*, *B# on Demand*, 484 F. Supp. 3d at 206 (dismissing indirect and willful infringement claims because there was no "non-conclusory basis for pre-suit knowledge of any of

the patents-in-suit"); *Deere & Co.*, 2019 WL 668492, at \*6-7 (dismissing willful and induced infringement claims based on insufficient allegations of pre-suit knowledge); *Dynamic Data Techs.*, 2020 WL 4365809, at \*2-5 (dismissing induced and willful infringement claims based on lack of pre-suit knowledge); *LiTL*, 2022 WL 610739, at \*8, \*10 (granting motion to dismiss induced and willful infringement claims based on failure to plausibly allege pre-suit knowledge because plaintiff "relie[d] on a small handful of citations to various applications that eventually issued as the Asserted Patents").

### B.    Illumina Fails to State a Claim for Pre-Notice Damages

Illumina's Amended Complaint asserts only system claims.  Of the six Patents-in-Suit, only the '781 Patent even includes (unasserted) method claims.   The Amended Complaint explicitly alleges that Illumina has developed and offered products—sequencing instruments—that practice the Asserted Patents.  Specifically, Illumina alleges that its MiSeq and MiniSeq sequencers "practice inventions of the Patents-in-Suit" and that it "sells instruments that practice the patented inventions," including MiSeq.  D.I. 12 ¶¶ 30, 36.  As such, Illumina was required, but failed, to comply with the marking requirements of 35 U.S.C. § 287 to obtain pre-notice damages for alleged infringement of the Patents-in-Suit.  35 U.S.C. § 287(a) ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement[.]").

Pursuant to 35 U.S.C. §287, a patentee who fails to mark his or her products shall not be entitled to recover any damages for alleged acts of infringement occurring before the patentee provided notice of infringement.  Consistent with this, decisions in this District have held that plaintiffs must plead compliance with 35 U.S.C. § 287(a)'s marking requirement in their complaint in order to maintain a claim for past damages.  *See Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 493 (D. Del. 2021) ("The patentee bears the burden to plead compliance with the marking statute."); *Express Mobile, Inc. v. Liquid Web, LLC*, No. 18-1177-RGA, 2019 WL

1596999, at *2 (D. Del. Apr. 15, 2019) ("At the motion to dismiss stage, I am only concerned with the sufficiency of the claims. A claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all. Thus, as Plaintiff has failed to state a claim for past damages, I will grant Defendants' motions.").

Nowhere in Illumina's Amended Complaint does it allege compliance with the marking statute. Despite this, Illumina seeks past damages. *See*, *e.g.* D.I. 12 ¶ 1 ("Illumina seeks damages for Element's past infringement of its patents"); *id.* at p. 152 (seeking "Damages adequate to compensate Illumina for the infringement, but in no event less than a reasonable royalty for the use made of the inventions by Element, together with interest and costs."). Because Illumina has not alleged that Element had actual notice of the Patents-in-Suit prior to May 15, 2025, and has not alleged compliance with the marking statute prior to that date, Illumina has failed to allege entitlement to any damages prior to May 15, 2025.

Illumina's Amended Complaint impermissibly attempts to pursue damages prior to the Original Complaint despite having failed to plead any basis for recovery of such damages. D.I. 12 ¶ 1. To the extent Illumina is seeking damages prior to May 15, 2025, its claim for such damages should be dismissed because it has failed to meet the requisite legal basis for such damages.

## V.    CONCLUSION

For the foregoing reasons, Element's motion to dismiss should be granted.

Dated: July 28, 2025

*Of Counsel*:

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Kevin P.B. Johnson
Andrew J. Bramhall
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
kevinjohnson@quinnemanuel.com
andrewbramhall@quinnemanuel.com

David Bilsker
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davidbilsker@quinnemanuel.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Jennifer P. Siew (No. 7114)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
jsiew@ycst.com

*Attorneys for Defendant Element Biosciences, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Kelly E. Farnan
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
farnan@rlf.com

Keith R. Hummel
Sharonmoyee Goswami
Jonathan D. Mooney
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
khummel@cravath.com
sgoswami@cravath.com
jmooney@cravath.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Jennifer P. Siew (No. 7114)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
jsiew@ycst.com
dmackrides@ycst.com

*Attorneys for Element Biosciences, Inc.*