# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BRADIUM TECHNOLOGIES LLC, :
                 Plaintiff, :
v. : Civil Action No. 15-31-RGA
MICROSOFT CORPORATION, :
                 Defendant. :

**ORDER**

Upon consideration of Defendant's Motion to Dismiss (D.I. 10) and accompanying briefing (D.I. 11, 16, 18), IT IS HEREBY ORDERED this __ day of February 2016, that:

1. The Motion (D.I. 10) is **GRANTED IN PART** and **DENIED IN PART**;[1]

2. The motion to dismiss is **DENIED** as to induced infringement (35 U.S.C. § 271(b)) and contributory infringement (35 U.S.C. § 271(cc)) as of the date of the complaint in this case;

3. The motion to dismiss is **GRANTED** as to induced infringement and contributory infringement preceding the date of the complaint; and

---

[1] The complaint says there were meetings in 2005, but the first of the three asserted patents did not issue until November 21, 2006. The other two issued in 2011 and on December 30, 2014. There is no allegation in the complaint (other than conclusory "on information and belief" assertions in ¶¶ 12 & 16) that would make plausible the conclusion that Microsoft knew that Bing Maps infringed the three patents, or even that Microsoft knew before May 27, 2014 that the 2006 and 2011 patents had issued. Having one of the asserted patents cited by the patent examiner on an issued Microsoft patent is insufficient. The vague licensing letters do not help Plaintiff's case on the knowledge of infringement issue.

4. The motion to dismiss is **GRANTED** as to willfulness.

*Richard G. Andrews*
United States District Judge