**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ILLUMINA, INC. AND ILLUMINA CAMBRIDGE, LTD., | C.A. No. 25-602-JLH |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| ELEMENT BIOSCIENCES, INC., | |
| Defendant. | |

## DEFENDANT'S FIRST AMENDED ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Element Biosciences, Inc. ("Element" or "Defendant") through its counsel, submits its First Amended Answer and Defenses to the Second Amended Complaint (hereinafter, "Complaint") by Plaintiffs Illumina, Inc. and Illumina Cambridge, Ltd. ("Illumina" or "Plaintiffs"). Defendant denies each and every allegation in Plaintiffs' Complaint that is not expressly admitted herein, including any allegations contained in any headings and exhibits thereto and not otherwise enumerated, and further responds as follows:

### NATURE OF THE ACTION[1]

1.      Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Element admits that Illumina purports to allege claims for patent infringement, but denies any remaining allegations of this paragraph.

---

[1]    For convenience and ease of reference, Element uses section headings in this First Amended Answer that correspond to section headings used in the Complaint. Element does not admit to any express or implied allegations that may be reflected in such section headings and, to the extent they require a response, denies them.

2.      Paragraph 2 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element admits that the Complaint recites the listed patent numbers, as well as excerpts of 35 U.S.C. § 271.  Element denies any remaining allegations of this paragraph.

3.      Paragraph 3 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

4.      Element admits the allegations in Paragraph 4 of the Complaint.

5.      Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

6.      Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

7.      Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

8.      Element admits that, on or about 2019, Element purchased an Illumina MiSeq instrument and consumables from Illumina.  As of the date of this First Amended Answer, Element admits that certain Element products compete directly with certain Illumina products.  Element categorically denies any remaining allegations of Paragraph 8.

9.      Denied.

**<u>THE PARTIES</u>**

10.      Paragraph 10 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element admits that, on information and belief,

-2-

Plaintiff Illumina, Inc. is a Delaware corporation with its principal place of business at 5200 Illumina Way, San Diego, CA 92122.

11.     Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

12.     Paragraph 12 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element admits that, on information and belief, Plaintiff Illumina Cambridge, Ltd. is a foreign corporation and a wholly owned subsidiary of Illumina Inc., with its principal place of business at 19 Granta Park, Great Abington, Cambridge, Cambridgeshire CB21 6DF, United Kingdom.

13.     Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

14.     Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

15.     Element admits that Element is a privately held Delaware corporation with its principal place of business at 10055 Barnes Canyon Road, Suite 100, San Diego, California 92121. Except as expressly admitted, Element denies the remaining allegations of this paragraph.

16.     Element admits the founders of Element Biosciences previously worked at Illumina.  Element admits that Molly He is a co-founder and CEO of Element Biosciences. Element further admits that Dr. He worked at Illumina and held the role of Senior Director of Scientific Research responsible of innovations in protein reagents.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

17.     Denied.

18.     Denied.

## JURISDICTION AND VENUE

19.      Paragraph 19 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, for purposes of this action, Element admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) to the extent that Plaintiffs are able to demonstrate a proper claim for patent infringement. Except as expressly admitted, Element denies the remaining allegations of this paragraph.

20.      Paragraph 20 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element admits that Element Biosciences, Inc. is incorporated in the State of Delaware.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

21.      Paragraph 21 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element admits that Element Biosciences, Inc. is a corporation incorporated in the State of Delaware.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

## FACTUAL BACKGROUND

### Basics of Genetic Sequencing

22.      Element admits the allegations in Paragraph 22 of the Complaint.

23.      Element admits the allegations in Paragraph 23 of the Complaint.

24.      Element admits the allegations in Paragraph 24 of the Complaint.

25.      Element admits the allegations in Paragraph 25 of the Complaint.

26.      Element admits the allegations in Paragraph 26 of the Complaint.

### Illumina's Innovations Revolutionized Genetic Sequencing

27.      Element admits the allegations of the first three sentences of Paragraph 27 of the Complaint.   Except as expressly admitted, Element denies the remaining allegations of this

paragraph. For example, innovations "making sequencing faster and more affordable and increasing access to more users" can be attributable to numerous sequencing companies and researchers through the years—not only at Illumina.

28.      Element admits that, on information and belief, Illumina acquired a company called Solexa, on or about 2007. As to the remainder of this paragraph, Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

29.      Element denies that Element's instruments are "infringing" as alleged in this paragraph. As to the remainder of this paragraph, Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

**Drawbacks of Early NGS Technology**

30.      Paragraph 30 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

31.      Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

32.      Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

**Illumina's Innovations in Instrument Design**

33.      Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Element denies any remaining allegations of this paragraph.

34.      Paragraph 34 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element denies any remaining allegations of this paragraph.

35.      Paragraph 35 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element denies any remaining allegations of this paragraph.

36.      Paragraph 36 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

37.      Paragraph 37 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element denies any remaining allegations of this paragraph.

38.      Paragraph 38 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

39.      Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

40.      Paragraph 40 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

41.     Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

42.     Paragraph 42 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

43.     Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

44.     Element is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## THE PATENTS-IN-SUIT

45.     Element admits that a document purporting to be a copy of the '241 Patent is attached as Exhibit 2 to the Second Amended Complaint.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

46.     Element admits that a document purporting to be a copy of the '781 Patent is attached as Exhibit 3 to the Second Amended Complaint.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

47.     Element admits that a document purporting to be a copy of the '130 Patent is attached as Exhibit 4 to the Second Amended Complaint.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

48.     Element admits that a document purporting to be a copy of the '116 Patent is attached as Exhibit 5 to the Second Amended Complaint.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

49.    Element admits that a document purporting to be a copy of the '702 Patent is attached as Exhibit 6 to the Second Amended Complaint.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

50.    Element admits that a document purporting to be a copy of the '028 Patent is attached as Exhibit 7 to the Second Amended Complaint.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

51.    Element admits that a document purporting to be a copy of the '301 Patent is attached as Exhibit 8 to the Second Amended Complaint.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

## ELEMENT'S USE OF ILLUMINA TECHNOLOGY

52.    Element admits that it was founded in 2017 by Drs. Molly He, Michael Previte, and Matthew Kellinger.  Element further admits that Molly He is Element's CEO, that Mike Previte is Element's CTO and SVP of Advanced Research, and that Dr. Kellinger is Element's Vice President of Biochemistry.  Element admits that, before founding Element, Dr. He had more than 20 years of experience in technology innovation and management in biotechnology and healthcare industries.  Dr. He was previously a Venture Partner at Foresite Capital, and prior to that, she was Senior Director of Scientific Research at Illumina, responsible for Illumina's global protein reagent innovation and improvements.  Prior to Illumina, Dr. He was Head of Protein Sciences at Pacific Biosciences, another sequencing company.  Element admits that, before founding Element, Dr. Previte worked for almost 10 years in the sequencing industry—at Illumina and Life Technologies.  Element admits that, while employed at Illumina, Dr. Previte held the titles of Senior Staff Scientist and Associate Principal Scientist and worked on advanced sequencing technologies for both single molecule and ensemble-based methods as well as on high throughput assays for protein evolution and discovery.  Element admits that, before founding

Element, Dr. Kellinger was a staff scientist at Illumina focused on protein engineering.  Element further admits that, Drs. He, Previte, and Kellinger worked at Illumina to engineer enzymes for sequencing applications.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

53.    Element admits that it has hired employees who have worked at other sequencing and biotechnology companies before—including but not limited to Illumina.  Element admits that Logan Zinser is Element's Chief Financial Officer and joined Element on or about 2020.  Element admits that Yaron Hakak serves as SVP of Corporate and Business Development at Element and joined Element on or about 2023.  Element admits that Richard Kelley was employed by Element from about June 2021 to January 2023 as Director of Mechanical Engineering.  Except as expressly admitted, Element denies the remaining allegations of this paragraph.

54.    Paragraph 54 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element denies any remaining allegations of this paragraph.

55.    Element admits that it purchased a MiSeq sequencing instrument, as well as consumables necessary to operate that instrument, from Illumina on or about 2019.  Element further admits that, on or about 2022, Element acquired Loop Genomics, a sequencing company that had purchased Illumina sequencing instruments and consumables from Illumina.  Except as expressly admitted, Element denies the allegations of this paragraph.

56.    Element denies the allegations of this paragraph.

57.    Paragraph 57 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Element denies any remaining allegations of this paragraph.

58.     Element admits that, on or about May 2021, in connection with the European Commission's review of Illumina's proposed acquisition of GRAIL (which failed), the European regulators asked Element what conditions Element would suggest if the European Commission were to approve the merger.  Element admits that Element responded to the European regulators that Illumina has a history of litigation against new market entrants.  *See, e.g.*, Complaint, ECF No. 1 at ¶¶ 73-80, *Element Biosciences, Inc. v. Illumina, Inc. et al.*, No. 25-cv-08026 (N.D. Cal. September 22, 2025).  Element admits that it also responded that, by extending an industry-wide covenant not-to-sue as to patents acquired by Illumina from Solexa, the regulators would have more assurance about alternatives to Illumina.  Except as expressly admitted, Element denies any remaining allegations of this paragraph.

59.     Element admits that it announced its first product, AVITI, in 2022.  Except as expressly admitted, Element denies any remaining allegations of this paragraph.

### Element's Infringement of Illumina's Patents

60.     Element admits that it developed the AVITI platforms and that it launched the AVITI sequencer in 2022 and the AVITI LT sequencer in 2023.  Element denies the remaining allegations of Paragraph 60.

61.     Element admits that it issued a press release on April 5, 2024 stating that "The AVITI24   is   now   available   for   pre-order   at   a   U.S.   list   price   of $424,000."        https://www.elementbiosciences.com/news/element-biosciences-announces-availability-of-aviti24-the-first-benchtop-sequencer-capable-of-direct-cell-profiling.

62.     Element admits that the documents attached to the Complaint as Exhibits 9 and 10 reference the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each document speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 62.

63.     Element admits that the documents attached to the Complaint as Exhibits 11 and 12 reference the AVITI LT system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 63.

64.     Element admits that the webpage depicted at Exhibit 13 to the Complaint and the document attached to the Complaint as Exhibit 14 reference the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 64.

65.     Element admits that it sells products that include flow cells for use in the AVITI systems, including the Cloudbreak and Trinity products.  Element admits it sells the Teton Slide Kit and the Teton Flow Cell Assembly Kit.  Element denies the remaining allegations of Paragraph 65.

66.     Element admits that the document attached to the Complaint as Exhibit 15 and the webpage depicted at Exhibit 16 to the Complaint reference Cloudbreak.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 66.

67.     Element admits that the document attached to the Complaint as Exhibit 17 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 67.

68.     Element admits the document attached to the Complaint as Exhibit 18 and the webpage depicted at Exhibit 19 reference the AVITI system.  To the extent this paragraph purports

to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 68.

69.    Element admits that the document attached to the Complaint as Exhibit 20 references Teton. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 69.

70.    Element admits that the document attached to the Complaint as Exhibit 20 references Teton. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 70.

71.    Denied.

72.    Denied.

## COUNT I: INFRINGEMENT OF THE '241 PATENT

73.    Element incorporates by reference its responses to the preceding allegations of Paragraphs 1-72 as if fully set forth herein.

74.    Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 74.

75.    To the extent the allegations in paragraph 75 of the Complaint quote from or characterize the '241 Patent, the '241 Patent speaks for itself and is the best evidence of the contents therein. To the extent that paragraph 75 of the Complaint includes any further allegations, Element denies them.

-12-

76.      Paragraph 76 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 76.

77.      Element admits that the document attached to the Complaint as Exhibit 9 and the document attached to the Complaint as Exhibit 21 reference AVITI.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 77.

78.      Element admits that the document attached to the Complaint as Exhibit 9 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 78.

79.      Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 79.

80.      Paragraph 80 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references AVITI24 and the document attached to the Complaint as Exhibit 23 references the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 80.

81.      Paragraph 81 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that a document

purporting to be a copy of the '608 Patent is attached as Exhibit 25 to the Complaint. To the extent the allegations in Paragraph 81 of the Complaint quote from or characterize the '608 Patent, the '608 Patent speaks for itself and is the best evidence of the contents therein. To the extent that Paragraph 81 of the Complaint includes any further allegations, Element denies them.

82.    Paragraph 82 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references AVITI24 and the document attached to the Complaint as Exhibit 24 references the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 82.

83.    Paragraph 83 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references AVITI24; the document attached to the Complaint as Exhibit 24 references AVITI; and the webpage depicted in Exhibit 26 references the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 83.

84.    Paragraph 84 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the webpage depicted at Exhibit 26 to the Complaint references the AVITI system. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 84.

85.      Paragraph 85 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibits 9, 22, and 24, and the webpage depicted in Exhibit 26 to the Complaint reference AVITI.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 85.

86.      Paragraph 86 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibits 9 and 22 and the webpage depicted in Exhibit 26 to the Complaint reference AVITI.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 86.

87.      Paragraph 87 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references AVITI24; the document attached to the Complaint as Exhibit 24 references AVITI; and the webpage depicted in Exhibit 26 references the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 87.

88.      Paragraph 88 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references AVITI24; the document attached to the Complaint as Exhibit 24 references AVITI; and the webpage depicted in Exhibit 26 references the

AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 88.

89.      Paragraph 89 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references AVITI24 and the document attached to the Complaint as Exhibit 9 references the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 89.

90.      Paragraph 90 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references AVITI24 and the document attached to the Complaint as Exhibit 9 references the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 90.

91.      Paragraph 91 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibits 9, 22, and 24 reference AVITI.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 91.

92.      Paragraph 92 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibit 22 references AVITI24 and the webpage depicted in Exhibit

27 to the Complaint references the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 92.

93.      Paragraph 93 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the document attached to the Complaint as Exhibit 24 references the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 93.

94.      Paragraph 94 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the document attached to the Complaint as Exhibit 24 references the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 94.

95.      Paragraph 95 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 95.

96.      Paragraph 96 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the document attached to the Complaint as Exhibit 24 references the AVITI system. To the extent this paragraph purports

to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 96.

97.    Paragraph 97 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibits 24 and the webpage depicted in Exhibit 28 to the Complaint reference AVITI, and the webpage depicted in Exhibit 29 to the Complaint references AVITI24. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 97.

98.    Paragraph 98 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibits 9 and 24 reference AVITI, and the document attached as Exhibit 22 to the Complaint reference AVITI24.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 98.

99.    Paragraph 99 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 99.

100.    Paragraph 100 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 100.

101.    Paragraph 101 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document

attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, the document speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 101.

102.    Paragraph 102 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 102.

103.    Element admits that Element purchased a MiSeq instrument from Illumina on or about 2019.  Element denies the remaining allegations of this paragraph.

104.    Paragraph 104 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 104.

## COUNT II: INFRINGEMENT OF THE '781 PATENT

105.    Element incorporates by reference its responses to the preceding allegations of Paragraphs 1-104 as if fully set forth herein.

106.    Paragraph 106 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 106.

107.    To the extent the allegations in Paragraph 107 of the Complaint quote from or characterize the '781 Patent, the '781 Patent speaks for itself and is the best evidence of the contents therein.   To the extent that Paragraph 107 of the Complaint includes any further allegations, Element denies them.

108.    Paragraph 108 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the documents

attached to the Complaint as Exhibit 9 and 24 reference the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 108.

109.    Paragraph 109 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the documents attached to the Complaint as Exhibit 9 and 24 reference the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 109.

110.    Paragraph 110 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the document attached to the Complaint as Exhibit 24 references the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 110.

111.    Paragraph 111 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibits 24 and the webpage depicted in Exhibit 26 to the Complaint reference AVITI, and the document attached as Exhibit 22 to the Complaint references the AVITI24 system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 111.

112.    Paragraph 112 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibits 24 and the webpage depicted in Exhibit 26 to the Complaint reference AVITI, and the document attached as Exhibit 22 to the Complaint references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 112.

113.    Paragraph 113 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 26 to the Complaint references AVITI, and the document attached as Exhibit 22 to the Complaint references AVITI24.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 113.

114.    Paragraph 114 of the Complaint contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 114 of the Complaint quote from or characterize the '781 Patent, the '781 Patent speaks for itself and is the best evidence of the contents therein.  To the extent that Paragraph 114 of the Complaint includes any further allegations, Element denies them.

115.    Paragraph 115 of the Complaint contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 115 of the Complaint quote from or characterize the '781 Patent, the '781 Patent speaks for itself and is the best evidence of the contents therein.  To the extent that Paragraph 115 of the Complaint includes any further allegations, Element denies them.

116.     Paragraph 116 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 and the webpage depicted in Exhibit 26 to the Complaint reference AVITI, and the document attached as Exhibit 22 to the Complaint references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 116.

117.     Paragraph 117 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 and the webpage depicted in Exhibit 26 to the Complaint reference AVITI, and the document attached as Exhibit 22 to the Complaint references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 117.

118.     Paragraph 118 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 118.

119.     Paragraph 119 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 and the webpage depicted in Exhibit 26 to the Complaint reference AVITI, and the document attached as Exhibit 22 to the Complaint references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits,

each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 119.

120.      Paragraph 120 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 120.

121.      Paragraph 121 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 121.

122.      Paragraph 122 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 122.

123.      Paragraph 123 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 123.

124.      Paragraph 124 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibit 24 references the AVITI system and Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 124.

125.      Paragraph 125 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 125.

126.      Element admits that Element purchased a MiSeq instrument from Illumina on or about 2019.  Element denies the remaining allegations of this paragraph.

127.      Paragraph 127 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 127.

## COUNT III: INFRINGEMENT OF THE '130 PATENT

128.      Element incorporates by reference its responses to the preceding allegations of Paragraphs 1-127 as if fully set forth herein.

129.      Paragraph 129 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 129.

130.      To the extent the allegations in Paragraph 130 of the Complaint quote from or characterize the '130 Patent, the '130 Patent speaks for itself and is the best evidence of the contents therein.   To the extent that Paragraph 130 of the Complaint includes any further allegations, Element denies them.

131.      Paragraph 131 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 131.

132.      Paragraph 132 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 132.

133.      Paragraph 133 of the Complaint contains legal conclusions to which no response is required.  Element admits that Paragraph 133 appears to quote Exhibit 23.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence

of the contents therein.  To the extent that a response is deemed required, Element denies the remaining allegations of Paragraph 133.

134.     Paragraph 134 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 134.

135.     Paragraph 135 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, the document speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 135.

136.     Paragraph 136 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize this exhibit, the document speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 136.

137.     Paragraph 137 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 137.

138.     Paragraph 138 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 138.

139.     Paragraph 139 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document

attached to the Complaint as Exhibit 22 references the AVITI24 system and the document attached to the Complaint as Exhibit 24 references the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 139.

140.    Paragraph 140 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 26 to the Complaint references the AVITI system. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 140.

141.    Paragraph 141 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 141.

142.    Paragraph 142 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 142.

143.    Paragraph 143 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 143.

144.    Paragraph 144 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 144.

145.    Paragraph 145 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document

attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 145.

146.    Paragraph 146 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 9 references the AVITI system and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 146.

147.    Paragraph 147 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 147.

148.    Paragraph 148 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the document attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  To the extent the allegations in Paragraph 148 of the Complaint quote from or characterize the '130 Patent, the '130 Patent speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 148.

149.    Paragraph 149 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 149.

150.     Paragraph 150 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 150.

151.     Paragraph 151 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the document attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 151.

152.     Paragraph 152 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 152.

153.     Paragraph 153 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the documents attached to the Complaint as Exhibits 9 and 24 reference the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 153.

154.     Paragraph 154 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 154.

155.     Paragraph 155 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document

attached to the Complaint as Exhibit 22 references the AVITI24 system and the document attached to the Complaint as Exhibit 24 references the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 155.

156.    Paragraph 156 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 156.

157.    Paragraph 157 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 157.

158.    Paragraph 158 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 158.

159.    Paragraph 159 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 159.

160.    Paragraph 160 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 21 references the AVITI system. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 160.

161.     Paragraph 161 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 161.

162.     Paragraph 162 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 162.

163.     Paragraph 163 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 21 references the AVITI system and the webpage depicted in Exhibit 29 to the Complaint references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 163.

164.     Paragraph 164 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 164.

165.     Paragraph 165 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 165.

166.     Paragraph 166 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the document attached

to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 166.

167.    Paragraph 167 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 167.

168.    Element admits that Element purchased a MiSeq instrument from Illumina on or about 2019.  Element denies the remaining allegations of this paragraph.

169.    Paragraph 169 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 169.

## COUNT IV: INFRINGEMENT OF THE '116 PATENT

170.    Element incorporates by reference its responses to the preceding allegations of paragraphs 1-169 as if fully set forth herein.

171.    Paragraph 171 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 171.

172.    To the extent the allegations in Paragraph 172 of the Complaint quote from or characterize the '116 Patent, the '116 Patent speaks for itself and is the best evidence of the contents therein.   To the extent that Paragraph 172 of the Complaint includes any further allegations, Element denies them.

173.    Paragraph 173 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibit 9 references AVITI and Exhibit 22 references AVITI24.  To

the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 173.

174.     Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 174.

175.     Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 175.

176.     Paragraph 176 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 176.

177.     Paragraph 177 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibit 22 and Exhibit 25 reference the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 177.

178.     Paragraph 178 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the document attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports

to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 178.

179. Paragraph 179 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 179.

180. Paragraph 180 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 180.

181. Paragraph 181 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 181.

182. Paragraph 182 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 182.

183. Paragraph 183 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 183.

184. Paragraph 184 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 22 references the AVITI24 system and the document attached to the Complaint as Exhibit 9 references the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 184.

185.    Paragraph 185 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 26 to the Complaint references the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 185.

186.    Paragraph 186 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 186.

187.    Paragraph 187 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 187.

188.    Paragraph 188 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 188.

189.    Paragraph 189 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 and the webpage depicted in Exhibit 26 to the Complaint reference AVITI, and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 189.

190.    Paragraph 190 of the Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 190 of the Complaint quote from or

characterize the '116 Patent, the '116 Patent speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 190.

191.    Paragraph 191 of the Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 191 of the Complaint quote from or characterize the '116 Patent, the '116 Patent speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 191.

192.    Paragraph 192 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references AVITI, and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 192.

193.    Paragraph 193 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 193.

194.    Paragraph 194 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 194.

195.    Paragraph 195 of the Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 195 of the Complaint quote from or characterize the '116 Patent, the '116 Patent speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 195.

196.    Paragraph 196 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references AVITI, and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 196.

197.    Paragraph 197 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 9 references AVITI, and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 197.

198.    Paragraph 198 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 198.

199.    Paragraph 199 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 199.

200.       Paragraph 200 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the documents attached to the Complaint as Exhibit 10 and Exhibit 24 reference the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 200.

201.       Paragraph 201 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that a document purporting to be Element's 2023 publication is attached as Exhibit 23 to the Complaint.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Further, to the extent the allegations in Paragraph 201 of the Complaint quote from or characterize the '116 Patent, the '116 Patent speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 201.

202.       Paragraph 202 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 202.

203.       Paragraph 203 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 203.

204.       Paragraph 204 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 204.

205.       Paragraph 205 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document

attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 205.

206.    Paragraph 206 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 206.

207.    Paragraph 207 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that a document purporting to be Element's 2023 publication is attached as Exhibit 23 to the Complaint.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 207.

208.    Paragraph 208 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 208.

209.    Paragraph 209 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 209.

-38-

210.	Paragraph 210 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 210.

211.	Paragraph 211 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 211.

212.	Paragraph 212 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 212.

213.	Paragraph 213 of the Complaint contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 213 of the Complaint quote from or characterize the '116 Patent, the '116 Patent speaks for itself and is the best evidence of the contents therein.  To the extent that Paragraph 213 of the Complaint includes any further allegations, Element denies them.

214.	Paragraph 214 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 214.

215.	Paragraph 215 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 215.

216.	Paragraph 216 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 216.

217.    Paragraph 217 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 217.

218.    Paragraph 218 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 218.

219.    Element admits that Element purchased a MiSeq instrument from Illumina on or about 2019.  Element denies the remaining allegations of this paragraph.

220.    Paragraph 220 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 220.

**COUNT V: INFRINGEMENT OF THE '702 PATENT**

221.    Element incorporates by reference its responses to the preceding allegations of Paragraphs 1-220 as if fully set forth herein.

222.    Paragraph 222 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 222.

223.    Paragraph 223 of the Complaint contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 223 of the Complaint quote from or characterize the '702 Patent, the '702 Patent speaks for itself and is the best evidence of the

contents therein.  To the extent that Paragraph 223 of the Complaint includes any further allegations, Element denies them.

224.    Paragraph 224 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 224.

225.    Paragraph 225 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the webpage depicted at Exhibit 16 to the Complaint references Cloudbreak.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 225.

226.    Paragraph 226 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the webpage depicted at Exhibit 16 to the Complaint references Cloudbreak; the document attached to the Complaint as Exhibit 9 references the AVITI system; and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 226.

227.    Paragraph 227 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the webpages depicted in Exhibit 30 and Exhibit 31 to the Complaint reference Cloudbreak and AVITI24,

respectively. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 227.

228.      Paragraph 228 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 30 to the Complaint references Cloudbreak. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the allegations of Paragraph 228.

229.      Paragraph 229 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 229.

230.      Paragraph 230 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system; the document attached to the Complaint as Exhibit 22 references the AVITI24 system; and the webpage depicted in Exhibit 30 to the Complaint references Cloudbreak. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 230.

231.      Paragraph 231 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton. To the extent this paragraph purports to

rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 231.

232.    Paragraph 232 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 232.

233.    Paragraph 233 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 30 to the Complaint references Cloudbreak. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 233.

234.    Paragraph 234 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 234.

235.    Paragraph 235 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 235.

236.    Paragraph 236 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton. To the extent this paragraph purports to

rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 236.

237.    Paragraph 237 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 15 references Cloudbreak.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 237.

238.    Paragraph 238 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 238.

239.    Paragraph 239 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 239.

240.    Paragraph 240 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 9 references the AVITI system; the document attached to the Complaint as Exhibit 22 references the AVITI24 system; and the webpage depicted in Exhibit 26 to the Complaint references the AVITI system.  To the extent this paragraph purports to rely on or

characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 240.

241.    Paragraph 241 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 241.

242.    Paragraph 242 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 242.

243.    Paragraph 243 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 9 references the AVITI system; the document attached to the Complaint as Exhibit 22 references the AVITI24 system; and the webpage depicted in Exhibit 26 to the Complaint references the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 243.

244.    Paragraph 244 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 244.

245.    Paragraph 245 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 16 to the Complaint references Cloudbreak.  To the extent this paragraph

purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 245.

246.    Paragraph 246 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 9 references the AVITI system; the document attached to the Complaint as Exhibit 22 references the AVITI24 system; and the webpage depicted in Exhibit 26 references the AVITI system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 246.

247.    Paragraph 247 of the Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 247 of the Complaint quote from or characterize the '702 Patent, the '702 Patent speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 247.

248.    Paragraph 248 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 26 to the Complaint references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 248.

249.    Paragraph 249 of the Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 247 of the Complaint quote from or characterize the '702 Patent, the '702 Patent speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 249.

250.    Paragraph 250 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 26 to the Complaint references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 250.

251.    Paragraph 251 of the Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 251 of the Complaint quote from or characterize the '702 Patent, the '702 Patent speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 251.

252.    Paragraph 252 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 9 references the AVITI system and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 252.

253.    Paragraph 253 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 253.

254.    Paragraph 254 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 254.

255.    Paragraph 255 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document

attached to the Complaint as Exhibit 24 references the AVITI system; the document attached to the Complaint as Exhibit 22 references the AVITI24 system; the document attached to the Complaint as Exhibit 15 references Cloudbreak; the document attached to the Complaint as Exhibit 18 references Trinity; and the document attached to the Complaint as Exhibit 20 references Teton. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 255.

256.     Paragraph 256 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 256.

257.     Paragraph 257 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 257.

## COUNT VI: INFRINGEMENT OF THE '028 PATENT

258.     Element incorporates by reference its responses to the preceding allegations of Paragraphs 1-257 as if fully set forth herein.

259.     Paragraph 259 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 259.

260.     Paragraph 260 of the Complaint contains legal conclusions to which no response is required.  To the extent the allegations in paragraph 260 of the Complaint quote from or characterize the '028 Patent, the '028 Patent speaks for itself and is the best evidence of the contents therein.  To the extent that Paragraph 260 of the Complaint includes any further allegations, Element denies them.

-48-

261.     Paragraph 261 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 261.

262.     Paragraph 262 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 262.

263.     Paragraph 263 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 263.

264.     Paragraph 264 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 264.

265.     Paragraph 265 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 265.

266.     Paragraph 266 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 266.

267.    Paragraph 267 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 267.

268.    Paragraph 268 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 268.

269.    Paragraph 269 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 269.

270.    Paragraph 270 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 270.

271.    Paragraph 271 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 271.

272.    Paragraph 272 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document

attached to the Complaint as Exhibit 24 references the AVITI system and the document attached to the Complaint as Exhibit 22 references the AVITI24 system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 272.

273.    Paragraph 273 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 26 references the AVITI system. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 273.

274.    Paragraph 274 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 274.

275.    Paragraph 275 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 26 references the AVITI system. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 275.

276.    Paragraph 276 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 276.

277.    Paragraph 277 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 277.

278.     Paragraph 278 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 26 references the AVITI system. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 278.

279.     Paragraph 279 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 279.

280.     Paragraph 280 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 9 references the AVITI system; the document attached to the Complaint as Exhibit 22 references the AVITI24 system; and the webpage depicted in Exhibit 26 to the Complaint references the AVITI system. To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 280.

281.     Paragraph 281 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 15 references Cloudbreak. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 281.

282.    Paragraph 282 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 26 to the Complaint references the AVITI system and the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 282.

283.    Paragraph 283 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 283.

284.    Paragraph 284 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 284.

285.    Paragraph 285 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 285.

286.    Paragraph 286 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 286.

287.     Paragraph 287 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 287.

### COUNT VII: INFRINGEMENT OF THE '301 PATENT

288.     Element incorporates by reference its responses to the preceding allegations of Paragraphs 1-287 as if fully set forth herein.

289.     Paragraph 289 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 289.

290.     Paragraph 290 of the Complaint contains legal conclusions to which no response is required.  To the extent the allegations in paragraph 290 of the Complaint quote from or characterize the '301 Patent, the '301 Patent speaks for itself and is the best evidence of the contents therein.  To the extent that paragraph 290 of the Complaint includes any further allegations, Element denies them.

291.     Paragraph 291 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 291.

292.     Paragraph 292 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 292.

293.    Paragraph 293 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 293.

294.    Paragraph 294 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 294.

295.    Paragraph 295 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 295.

296.    Paragraph 296 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 296.

297.    Paragraph 297 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 297.

298.    Paragraph 298 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to

rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 298.

299.    Paragraph 299 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 299.

300.    Paragraph 300 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 300.

301.    Paragraph 301 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 26 to the Complaint references the AVITI system. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 301.

302.    Paragraph 302 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element denies the allegations of Paragraph 302.

303.    Paragraph 303 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Element admits that the webpage depicted in Exhibit 26 to the Complaint references the AVITI system. To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein. Element denies the remaining allegations of Paragraph 303.

304.    Paragraph 304 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 304.

305.    Paragraph 305 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 305.

306.    Paragraph 306 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 306.

307.    Paragraph 307 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system; the document attached to the Complaint as Exhibit 22 references the AVITI24 system; the webpage depicted in Exhibit 26 to the Complaint references the AVITI system; and the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 307.

308.    Paragraph 308 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 308.

309.     Paragraph 309 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 20 references Teton.  To the extent this paragraph purports to rely on or characterize this exhibit, it speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 309.

310.     Paragraph 310 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 310.

311.     Paragraph 311 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 9 references the AVITI system and the document attached to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 311.

312.     Paragraph 312 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 312.

313.     Paragraph 313 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 313.

314.     Paragraph 314 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element admits that the document attached to the Complaint as Exhibit 24 references the AVITI system and the document attached

to the Complaint as Exhibit 22 references the AVITI24 system.  To the extent this paragraph purports to rely on or characterize these exhibits, each speaks for itself and is the best evidence of the contents therein.  Element denies the remaining allegations of Paragraph 314.

315.    Paragraph 315 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 315.

316.    Paragraph 316 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Element denies the allegations of Paragraph 316.

## PRAYER FOR RELIEF

These Paragraphs set forth the statement of relief requested by Plaintiffs, to which no response is required.  Element denies that Plaintiffs are entitled to any relief and specifically denies all the allegations and prayers for relief in Paragraphs A through F of Plaintiffs' prayer for relief.

## JURY DEMAND

This Paragraph sets forth Plaintiffs' request for a jury trial to which no response is required.  Element hereby demands a trial by jury on all issues so triable.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Element denies all remaining allegations in the Complaint.

## AFFIRMATIVE DEFENSES

1.    Element denies that Illumina is entitled to any relief against Element.

2.    Without conceding whether Element bears the burden of proof or persuasion as to any of the issues raised in these defenses (whether or not denominated as affirmative defenses

or otherwise), as separate and distinct affirmative defenses to the Complaint, Element alleges as follows:

### FIRST DEFENSE
### (No Infringement)

3.        Element has not engaged and is not engaging in any act that constitutes direct infringement, induced infringement, or contributory infringement, either literally or under the doctrine of equivalents, of any valid and enforceable claim of any of the Patents-in-Suit.

### SECOND DEFENSE
### (No Willful Infringement)

4.        Element has not engaged and is not engaging in any act that constitutes willful infringement of any valid and enforceable claim of any of the Patents-in-Suit.

### THIRD DEFENSE
### (Invalidity)

5.        One or more claims of the Patents-in-Suit are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103, and/or 112 and/or the rules, regulations, laws, and decisions pertaining thereto.

### FOURTH DEFENSE
### (Equitable Estoppel, Waiver, Acquiescence, Unreasonable Delay, Prosecution History Estoppel)

6.        Plaintiffs' claims for relief are barred or otherwise limited in whole or in part by the equitable doctrines of estoppel, waiver, acquiescence, and unreasonable delay because Illumina unreasonably delayed bringing suit until well after the relevant events occurred.  Even assuming arguendo that any actional harm occurred, Illumina's unreasonable and inexcusable delay, in part, prevented Element from curing any alleged injury with Illumina, causing material prejudice and injury to Element.  On information and belief, Illumina has known that Element has offered

sequencing products since at least 2022, for example. Plaintiffs' claims are also barred in whole or in part by prosecution history estoppel, based on admissions and/or amendments made during prosecution leading to the issuance of one or more of the Patents-in-Suit. Any claim of infringement of the Patents-in-Suit by Element under the doctrine of equivalents is limited by the doctrine of prosecution history estoppel.

### FIFTH DEFENSE
### (Statutory and/or Obviousness Type Double Patenting)

7.        The Patents-in-Suit are invalid and/or unenforceable because the Patents-in-Suit claim subject matter identical to what is claimed in an earlier patent and/or the claims of the Patents-in-Suit cover an obvious variation of an invention claimed in an earlier patent allegedly owned by Illumina.

### SIXTH DEFENSE
### (Notice, Damages, and Costs)

8.        Plaintiffs' right to seek damages is limited or barred at least because Plaintiffs have not suffered any damages and are not suffering an injury, and Plaintiffs' claims are statutorily limited under 35 U.S.C. § 286. Plaintiffs are barred from recovering costs in connection with this action under 35 U.S.C. § 288. This action is not an exceptional case in Plaintiffs' favor, and Plaintiffs may not recover, in whole or in part, their attorneys' fees and any costs under 35 U.S.C. § 285, or any other applicable law.

### SEVENTH DEFENSE
### (Failure to Mark)

9.        Plaintiffs' right to seek damages is limited or barred, including, without limitation, by 35 U.S.C. § 287. To the extent that Illumina, and any respective licensees, failed to properly mark any of the relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Element allegedly infringed any of the Patents-in-Suit, Element is not liable to Illumina

for acts alleged to have been performed before Element received actual notice of any alleged infringement of any claim of the Patents-in-Suit.

## EIGHTH DEFENSE
### (No Immediate or Irreparable Harm)

10.    Plaintiffs may not seek injunctive relief against Element because the alleged damages are not immediate or irreparable.  Any injury, to the extent any occurred, could be cured with damages alone.  There is no factual or legal basis for a grant of equitable relief.

## NINTH DEFENSE
### (License/Implied License)

11.    Plaintiffs' claims are barred by an express or implied license to the Patents-in-Suit.

## TENTH DEFENSE
### (Patent Exhaustion)

12.    Plaintiffs' claims are barred by the doctrine of patent exhaustion.

## RESERVATION OF DEFENSES

13.    Element continues to investigate the allegations set forth in the Complaint. Element hereby provides notice to Plaintiffs that Element intends to rely upon such other defenses as may become available by law, in equity, or pursuant to statute, as discovery proceeds in this action.  Element reserves the right to supplement or amend this First Amended Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which become applicable during the course of discovery or otherwise in the course of litigation.

DATED: November 14, 2025

*Of Counsel:*

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

Kevin P.B. Johnson
Andrew Bramhall
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
kevinjohnson@quinnemanuel.com
andrewbramhall@quinnemanuel.com

David Bilsker
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davidbilsker@quinnemanuel.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Jennifer P. Siew (No. 7114)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
jsiew@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant
Element Biosciences, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 14, 2025, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Kelly E. Farnan
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
farnan@rlf.com

Keith R. Hummel
Sharonmoyee Goswami
Jonathan D. Mooney
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
khummel@cravath.com
sgoswami@cravath.com
jmooney@cravath.com

illumina-element-associates@cravath.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Jennifer P. Siew (No. 7114)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
jsiew@ycst.com
dmackrides@ycst.com

*Attorneys for Element Biosciences, Inc.*