**RICHARDS LAYTON & FINGER**

Kelly E. Farnan
302-651-7705
Farnan@RLF.com

December 4, 2025

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Eleanor G. Tennyson
United States District Court
 for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re:   *Illumina, Inc., et al. v. Element Biosciences, Inc.*,
      C.A. No. 25-602-JLH-EGT

Dear Judge Tennyson:

Plaintiffs Illumina, Inc. and Illumina Cambridge, Ltd. (together, "Illumina") and Defendant Element Biosciences, Inc. ("Element") *jointly* submit this letter in connection with their proposed scheduling order.

The parties report as follows:

**1.    Description of the Case**

Illumina is a company that designs, manufactures and offers for sale industry-leading systems for genetic sequencing. It alleges that Element Biosciences infringes U.S. Patent Nos. 12,151,241; 8,951,781; 11,117,130; 11,697,116; 12,251,702; 12,325,028; and 12,397,301 (collectively, the "Patents-in-Suit"). The Patents-in-Suit are directed to various aspects of genetic sequencing systems and their associated "consumables", which are packages of chemical reagents and other components that are used to perform sequencing using the patented systems.

Element is a privately held Delaware corporation. Element announced the launch of its first product, the AVITI instrument, in 2022, followed by the AVITI LT and AVITI24 instruments in 2023 and 2024. Element sells several lines of products for use with the AVITI Systems, including the Cloudbreak Sequencing Kits, the Trinity sequencing kits, the Teton Slide and flow cell assembly kits and the Teton Cartridge & Reagent kits (collectively, the "Element Kits").

Illumina alleges that Element has infringed and continues to infringe the Patents-in-Suit by making, using, offering to sell and selling within the United States the AVITI instruments and the Element Kits. Illumina seeks damages arising out Element's ongoing and past infringement of the Patents-in-Suit, including lost profits and a reasonable royalty, to compensate Illumina, at least partially, for the injury it has suffered because of Element's infringement, with interest and costs. Illumina also requests that damages be enhanced up to three times if it is able to establish that Element's infringement is willful, and requests an award of costs, disbursement and attorneys' fees. Illumina also seeks an injunction barring Element from further infringement.

The Honorable Eleanor G. Tennyson
December 4, 2025
Page 2

Element denies that it infringes the Patents-in-Suit and alleges that the Patents-in-Suit are invalid.

**2.    Deviations from the Court's Form Scheduling Order**

The proposed schedule utilizes Judge Tennyson's form order through claim construction and Judge Hall's form order for case dispositive motions through trial. The proposed scheduling order deviates from the Court's form scheduling orders in the following ways:

- **Paragraph 1:** The parties have modified paragraph 1 to reflect that they exchanged their Rule 26(a)(1) initial disclosures on November 10, 2025.

- **Paragraph 3:** The parties proposed a date certain for the deadline in this paragraph, while the Court's form scheduling order contemplates the deadline based on the date the Court enters the order.

- **Paragraph 7:**

    o  Subsection 7(c) has been added to provide a procedure for claim and prior art reference narrowing, in which the parties will meet and confer after they exchange initial infringement and invalidity contentions to determine if narrowing is appropriate, and, if so, to determine the extent of such narrowing.

    o  Subsections 7(d) and 7(e), concerning infringement and invalidity contentions respectively, have been revised to reflect that final contentions shall be subject to any limits agreed by the parties following the exchange of initial contentions, if any.

- **Paragraph 8:**

    o  Subsection 8(c) is revised to provide that each party may serve unlimited requests for admission regarding authentication and admissibility.

    o  Subsection 8(e)(i) is revised to clarify that each side may take a single deposition of each expert witness, limited to seven hours, except that an expert offering opinions across more than one substantive area (*e.g.*, invalidity and infringement) may be deposed for up to fourteen hours.

    o  Subsection 8(e)(ii) is revised to allow the parties to agree to take depositions outside the District of Delaware.

    o  Subsection 8(f)(ii) is revised to reflect the parties' agreement that aside from expert reports submitted in the normal course of expert discovery, expert declarations shall be submitted only in connection with claim construction.

The Honorable Eleanor G. Tennyson
December 4, 2025
Page 3

- **Paragraph 11:** Following the exchange of initial contentions, the parties have added deadlines to exchange proposed constructions for claim terms raised by each other, as well as associated intrinsic evidence, to facilitate preparation of final contention charts. The parties dispute the appropriate dates for these exchanges, as set forth below.

- **Paragraph 14:** Subsection 14(a) is revised to add deadlines for opposition and reply briefs on case-dispositive motions.

- **Paragraph 19:** The parties have embedded their respective positions regarding trial length. Explanations of the parties' respective positions on trial length are set forth below.

3.  **Disputes in the Proposed Scheduling Order**

Two issues remain in dispute, which are embedded in the revised provisions above and summarized here: (1) the deadlines for final contentions, document production, fact discovery, claim construction, expert discovery and trial; and (2) the proper length of trial.

    A.    **Deadlines**

The parties dispute the deadlines for final contentions, document production, fact discovery, claim construction, expert discovery, case dispositive motions and briefing, pretrial and trial as set forth in the proposed scheduling order.

**Illumina's Position**: Illumina respectfully submits that the Court should adopt a case schedule and trial date that follows the standard Delaware practice of commencing trial roughly two years after a Rule 26 conference has taken place, which occurred on September 22, 2025. Illumina filed its complaint in this action in May 2025, and there is no reason that trial should be delayed until March 2028, nearly three years later. Illumina is suffering ongoing harm from Element's infringement of the Patents-in-Suit and has sought an injunction in this case, and requests that the appropriate schedule be adopted to address that harm in a timely way. The Federal Rules of Civil Procedure contemplate the "just, speedy, and inexpensive" determination of every action, and Illumina's proposed dates are more aligned with this objective. Fed. R. Civ. P. 1. Illumina's proposed dates afford both sides a full and fair opportunity to prepare their case.

**Element's Position**: Illumina appears to pull its proposed dates directly from the scheduling order entered in *Scanavert LLC v. Innit, Inc.*, C.A. No. 25-576-JLH-EGT, D.I. 23 (D. Del. Oct. 23, 2025). *Scanavert* involves two expired patents from the same family, and the schedule was entered seven weeks before the deadline to submit the schedule in this case. Here, Illumina asserts seven patents from two families, and the accused products are complex instruments and associated kits. Indeed, Illumina argues below for a longer trial given the purported "breadth of the technologies at issue in the case." Illumina's proposed schedule is unnecessarily compressed. By way of example, Illumina proposes the substantial completion of document production deadline (April 17, 2026) occur one week after the parties finish *initial* contentions (April 10, 2026). Similarly, Illumina proposes that fact discovery close on August 14, 2026, just four months after initial contentions. Element respectfully requests that the Court adopt

The Honorable Eleanor G. Tennyson
December 4, 2025
Page 4

its proposed dates, which allow a more reasonable timeline tailored to the needs and scope of this litigation.

   **B.**  **Length of Trial**

   **Illumina's Position**:  Illumina respectfully requests that the Court set aside eight days for trial, understanding that a final trial length will be determined at the pre-trial conference.  Illumina believes this trial length will be appropriate given the breadth of the technologies at issue in this case.  The Patents-in-Suit cover various related, but distinct, technologies concerning gene sequencing instruments, including mechanical alignment systems, temperature control systems, microfluidic flow-cell cartridges and fluid delivery systems.  It will require significant time for the parties to present the evidence covering all of these different technologies to the jury.

   **Element's Position**:  The presumptive five-day trial length is appropriate for this case.

**4.**  **Other Issues**

   The parties do not wish to raise any other issues with the Court at this time.

                 Respectfully,

                 */s/ Kelly E. Farnan*

                 Kelly E. Farnan (#4395)

Attachment

cc: Counsel of Record (By CM/ECF)