**ATTACHMENT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ILLUMINA, INC. AND ILLUMINA CAMBRIDGE, LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 25-602-JLH-EGT |
| ELEMENT BIOSCIENCES, INC., | ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] SCHEDULING ORDER**

This __ day of December, 2025 the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.      <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u>  The parties made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on **November 10, 2025**.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI''), which is posted at   https://www.ded.uscourts.gov/default-standard-discovery   and   is   incorporated   herein   by reference.

2.      <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **June  30, 2026**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9 below.

3.     <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **December 12, 2025**.  If counsel are unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u>  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.     <u>Papers Filed Under Seal.</u>  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document must be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript.  With such request, the party seeking redactions must

demonstrate why good cause exists for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.    <u>Courtesy Copies.</u>  The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.  Exhibits and attachments must be separated by tabs, and the parties should highlight the portions of the exhibits and attachments that they wish the Court to read.

6.    <u>ADR Process.</u>  This matter is NOT referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7.    <u>Disclosures.</u>  Absent agreement among the parties, and approval of the Court:

(a)    <u>Core Technical Documents.</u>  On or before  **January 12, 2026**, Defendant shall produce core technical documents related to the accused product(s) sufficient to show the functionality of the accused products, including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall also produce sales figures for the accused product(s).

(b)    <u>Claim and Reference Narrowing.</u>  By **April 28, 2026**, the parties shall meet and confer regarding the claims and prior art references raised by the initial infringement and invalidity contentions and determine if claim and prior art reference narrowing is appropriate, and, if so, to determine the extent of such narrowing.  To the extent the parties are unable to reach agreement, they will submit alternative proposals to the Court regarding narrowing the scope of asserted claims and cited references.

(c)    <u>Infringement Contentions.</u> On or before **February 11, 2026**, Plaintiff shall provide its initial infringement contentions for each asserted claim.  On or before **March 20, 2026**,

Defendant shall provide its initial non-infringement contentions in response to Plaintiff's initial contentions. On or before **[Plaintiff Illumina: July 15, 2026] [Defendant Element: September 30, 2026],** Plaintiff shall provide its final infringement contentions. On or before **[Plaintiff Illumina: August 19, 2026] [Defendant Element: October 28, 2026],** Defendant shall provide its final non-infringement contentions in response to Plaintiff's final contentions. The final contentions shall be subject to limits agreed to by the parties following exchange of initial contentions, if any.

      (d)   <u>Invalidity Contentions.</u> On or before **March 13, 2026,** Defendant shall provide its initial invalidity contentions for each asserted claim and the related invalidating references. On or before **April 10, 2026**, Plaintiff shall provide its initial validity contentions in response to Defendant's initial contentions. On or before **[Plaintiff Illumina: July 29, 2026] [Defendant Element: October 14, 2026]**, Defendant shall provide its final invalidity contentions. On or before **[Plaintiff Illumina: August 19, 2026] [Defendant Element: November 11, 2026]**, Plaintiff shall provide its final validity contentions in response to Defendant's final contentions. The final contentions shall be subject to limits agreed to by the parties following exchange of initial contentions, if any.

      (e)   All final contentions (i.e., infringement, non-infringement, invalidity, validity) must include a party's contentions under its proposed claim construction(s), as well as under the opposing claim construction(s) (if such an alternative contention exists).

      8.   <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules shall be observed.

      (a)   <u>Identification of Accused Products and Asserted Patents.</u> On or before **December 12, 2025**, Plaintiff shall identify the accused product(s), including accused methods

and systems, the asserted patent(s) and Plaintiff's damages theory.  On the same date, Plaintiff shall also produce the prosecution history for each asserted patent.

(b)    <u>Fact Discovery Cutoff.</u>  All discovery in this case shall be initiated so that it will be completed on or before **[Plaintiff Illumina: August 14, 2026] [Defendant Element: November 20, 2026]**.

(c)    <u>Document Production.</u>  Document production shall be substantially complete by **[Plaintiff Illumina: April 17, 2026] [Defendant Element: July 29, 2026]**.

(d)    <u>Requests for Admission.</u>  A maximum of **50** requests for admission are permitted for each side.  Each party may serve unlimited requests for admission concerning authentication and admissibility.

(e)    <u>Interrogatories.</u>

i.    A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail that a party provides, the more detail the party shall receive).

(f)    <u>Depositions.</u>

i.    <u>Limitation on Hours for Deposition Discovery.</u>  Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination of witnesses pursuant to Fed. R. Civ. P. 30(b)(1) and 30(b)(6).  For expert depositions, each side may take a single deposition for each expert, with a limit of seven (7) hours.  However, if an expert offers

5

opinions across two substantive areas, for example, opinions on both infringement and validity, the expert may be deposed for up to fourteen (14) hours.

      ii.   <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purposes of this provision.

      (g)   <u>Disclosure of Expert Testimony.</u>

      i.   <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **[Plaintiff Illumina: February 4, 2027] [Defendant Element: June 3, 2027]**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **[Plaintiff Illumina: March 4, 2027] [Defendant Element: July 1, 2027]**. Reply expert reports from the party with the initial burden of proof are due on or before **[Plaintiff Illumina: March 25, 2027] [Defendant Element: July 29, 2027]**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

      ii.   <u>Expert Report Supplementation.</u>  The parties agree that, aside from expert reports submitted in the normal course of expert discovery, expert declarations shall be submitted only in connection with claim construction.

iii.    <u>Objections to Expert Testimony.</u>

To the extent that any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.  Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

iv.    <u>Expert Discovery Cutoff</u>. All expert discovery in this case shall be initiated so that it will be completed on or before **[Plaintiff Illumina: April 22, 2027] [Defendant Element: August 27, 2027]**.

(h)    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find that, after reasonable efforts pursuant to Local Rule 7.1.1, they are unable to resolve a discovery matter or a dispute relating to a protective order, the moving party (*i.e.*, the party seeking relief from the Court) should file a Motion for Teleconference to Resolve a Discovery or Protective Order Dispute.  The text for this motion can be found in the "Forms" section of Magistrate Judge Tennyson's portion of the Court's website.

iii.    After reviewing the motion, the Court will issue an order setting a discovery conference and outlining the specific dispute procedure to be used. On the date set by court order, generally not less than seventy-two (72) hours prior to the conference, the party seeking relief shall file with the Court a letter not to exceed three (3) pages in 12-point font outlining the issues in dispute and that party's position on those issues.  This submission shall include as exhibits (1) a proposed order that identifies with specificity the relief sought on an issue-

by-issue basis and (2) copies of any discovery requests and responses relating to the dispute. On the date set by court order, generally not less than forty-eight (48) hours prior to the conference, any party opposing the application for relief may file a letter not to exceed three (3) pages in 12-point font outlining that party's reason for its opposition.

        iv.      Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

9.      <u>Motions to Amend / Motions to Strike.</u>

(a)      Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above.

(b)      Any such motion shall attach the proposed amended pleading (as well as a "redline" comparison to the prior pleading or the document proposed to be stricken.

10.     <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the joint claim construction brief is filed.

11.     <u>Claim Construction Issue Identification.</u> On **[Plaintiff Illumina: April 14, 2026] [Defendant Element: September 9, 2026]**, the parties shall exchange a list of claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, to guide the parties in preparing their final contention charts, the parties shall exchange claim constructions for terms proposed by other side on **[Plaintiff Illumina: April 21, 2026] [Defendant Element: September 16, 2026]**, and the parties shall exchange intrinsic evidence

citations supporting their proposed constructions by **[Plaintiff Illumina: April 24, 2026]** **[Defendant Element: September 18, 2026]**. The parties will meet and confer to prepare a joint claim construction chart to be submitted two weeks prior to service of the opening claim construction brief.  The parties' joint claim construction chart must identify for the Court the term(s)/phrase(s) of the claim(s) in issue and must include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  All joint claim construction charts shall be in substantially the same form as the sample joint claim construction chart found in the "Forms" section of Magistrate Judge Tennyson's portion of the Court's website.  Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence, as well as any additional evidence cited in the parties' briefing.

12.  <u>Claim Construction Briefing.</u>  Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **[Plaintiff Illumina: September 9, 2026] [Defendant Element: December 8, 2026]**.  Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **[Plaintiff Illumina: October 7, 2026] [Defendant Element: January 12, 2027]**. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **[Plaintiff Illumina: October 28, 2026] [Defendant Element: February 2, 2027]**.  Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **[Plaintiff Illumina: November 10, 2026] [Defendant Element: February 23, 2027]**.  No later than **[Plaintiff Illumina: November 13, 2026] [Defendant Element: February 26, 2027]**, the parties shall file a joint claim construction brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on

each claim term in sequential order, in substantially the form below.  If the joint brief as submitted

is more than 80 pages, the parties must certify that the page limits in the Scheduling Order have

not been violated and provide a brief explanation (e.g., formatting issues, listing of agreed-upon

terms, etc.) as to why the brief is longer than 80 pages.

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-Upon Constructions

II.     Disputed Constructions

[TERM 1]

        1.      Plaintiff's Opening Position

        2.      Defendant's Answering Position

        3.      Plaintiff's Reply Position

        4.      Defendant's Sur-Reply Position

[TERM 2]

        1.      Plaintiff's Opening Position

        2.      Defendant's Answering Position

        3.      Plaintiff's Reply Position

        4.      Defendant's Sur-Reply Position

The parties should not include any general summaries of the law relating to claim construction. If

there are any materials that would be submitted in an index, the parties shall submit them in a joint

appendix accompanying the joint claim construction brief.

     13.     <u>Hearing on Claim Construction.</u>    Beginning **at __ on [Plaintiff Illumina:
December __, 2026] [Defendant Element: March __, 2027]**, the Court will hear argument on

claim construction.  The parties need not include any general summaries of the law relating to

claim construction in their presentations to the Court.  On or before the date on which the joint

claim construction brief is filed, the parties shall file a joint letter indicating the amount of time they are requesting for the hearing and whether they are requesting leave to present testimony at the hearing.

        14.    <u>Case Dispositive Motions.</u>

        (a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be filed on or before **[Plaintiff Illumina: May 20, 2027] [Defendant Element: October 7, 2027]**.  Oppositions to all case dispositive motions shall be filed on or before **[Plaintiff Illumina: June 10, 2027] [Defendant Element: November 4, 2027]**.  Reply briefs in support of all case dispositive motions shall be filed on or before **[Plaintiff Illumina: June 24, 2027] [Defendant Element: November 18, 2027]**.  Briefing will be presented pursuant to the Court's Local Rules.  No case dispositive motion under Federal Rule of Civil Procedure 56 may be filed more than ten (10) days before the above date without leave of the Court.

        (b)    <u>Concise Statement of Facts.</u>  Any motion for summary judgment must be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and for which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

        Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.  Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate

that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried.  Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

(c)    Page limits combined with *Daubert* motion page limits.  Each party is permitted to file as many case dispositive motions as desired, but each **_SIDE_** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for each **_SIDE_** for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs.[1]

(d)    Hearing.  The Court will hear argument on all pending case dispositive and *Daubert* motions on **[Plaintiff Illumina: September __, 2027] [Defendant Element: December __, 2027]**, beginning at __.  Unless otherwise ordered by the Court, each side will be allocated a total of forty-five minutes to present its argument on all pending motions.

---

[1] The parties must work together to ensure that the Court receives no more than a ***total*** of 250 pages (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

15.    <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion must contain the statement required by Local Rule 7.1.1.

16.    <u>Motions *in Limine*.</u>  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each **_SIDE_** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon;  each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.    <u>Pretrial Conference.</u>  On **[Plaintiff Illumina: October __, 2027] [Defendant Element: February __, 2028]**, the Court will hold a pretrial conference in Court with counsel beginning at ___.  Not later than seven (7) days before the pretrial conference, the parties shall file a joint proposed final pretrial order in compliance with Federal Rule of Civil Procedure 26(a)(3) and Local Rule 16.3(c) & (d)(4).  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs must be numbered.

18.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u>  At least seven (7) days before the final pretrial conference, the parties shall file proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms pursuant to Local Rules 47.1(a)(2) and 51.1. The Court expects the parties to work together to submit joint proposed versions of the voir dire, preliminary jury instructions, and final jury instructions, indicating within those joint submissions any differences between the parties' proposals. The foregoing submissions shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, emailed to egt_civil@ded.uscourts.gov.

19.    <u>Trial.</u>  This matter is scheduled for a **[Plaintiff Illumina: eight (8)] [Defendant Element: five (5)]**[2] day jury trial beginning at 9:30 a.m. on **[Plaintiff Illumina: October __, 2027] [Defendant Element: March __, 2028]**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

20.    <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to

_____

[2] Five days (*i.e.*, about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference. **Plaintiff Illumina's Position**: The breadth of the technologies in this case warrants an eight-day jury trial. **Defendant Element's Position:** The presumptive five-day trial length is appropriate for this case.

enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

      21.    <u>Post-Trial Briefing.</u> Unless otherwise ordered by the Court, all *sides* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, regardless of the number of motions filed.


                                    _____

The Honorable Eleanor G. Tennyson
UNITED STATES MAGISTRATE JUDGE

**Agreed Deadlines**

| Item | Deadline |
|---|---|
| Rule 26(a)(1) disclosures | Monday, November 10, 2025 |
| Paragraph 3 Initial Disclosures | Friday, December 12, 2025 |
| Application to Court for Protective Order | Friday, December 12, 2025 |
| Plaintiffs Identify Accused Products (and disclose damages model, the asserted patent(s) that the accused product(s) allegedly infringe(s), and produce the file history for each asserted patent) | Friday, December 12, 2025 |
| Defendant Provides Core Technical Documents (related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).) | Monday, January 12, 2026 |
| Plaintiff's Initial Infringement Contentions | Wednesday, February 11, 2026 |
| Defendant's Initial Invalidity Contentions | Friday, March 13, 2026 |
| Defendant's Initial Non-Infringement Contentions | Friday, March 20, 2026 |
| Plaintiff's Initial Validity Contentions | Friday, April 10, 2026 |
| The parties shall meet and confer regarding the scope of the asserted claims and cited prior art references and determine if claim and reference narrowing is appropriate, and, if so, to determine the extent of such narrowing. To the extent the parties are unable to reach agreement, they will submit alternative proposals to the Court regarding narrowing the scope of asserted claims and cited references. | Tuesday, April 28, 2026 |

| Item | Deadline |
|---|---|
| Joinder of Other Parties and Amendment of Pleadings | Tuesday, June 30, 2026 |

**Disputed Deadlines**

| Item | Illumina's Proposed Deadline | Element's Proposed Deadline |
|---|---|---|
| Substantial Completion of Document Production | Friday, April 17, 2026 | Wednesday, July 29, 2026 |
| Parties Exchange List of Claim Terms and Proposed Claim Constructions | Tuesday, April 14, 2026 | Wednesday, September 9, 2026 |
| Parties Exchange Claim Constructions For Terms Proposed by Other Side | Tuesday, April 21, 2026 | Wednesday, September 16, 2026 |
| Parties Exchange Intrinsic Evidence Citations Supporting Their Proposed Constructions | Friday, April 24, 2026 | Friday, September 18, 2026 |
| Plaintiff's Final Infringement Contentions (subject to limits agreed to by the parties following exchange of initial contentions, if any) | Wednesday, July 15, 2026 | Wednesday, September 30, 2026 |
| Defendant's Final Invalidity Contentions (subject to limits agreed to by the parties following exchange of initial contentions, if any) | Wednesday, July 29, 2026 | Wednesday, October 14, 2026 |
| Defendant's Final Non-Infringement Contentions | Wednesday, August 19, 2026 | Wednesday, October 28, 2026 |
| Plaintiff's Final Validity Contentions | Wednesday, August 19, 2026 | Wednesday, November 11, 2026 |
| Close of Fact Discovery | Friday, August 14, 2026 | Friday, November 20, 2026 |

| Item | Illumina's Proposed Deadline | Element's Proposed Deadline |
|---|---|---|
| Joint Claim Construction Chart | Wednesday, August 26, 2026 | Tuesday, November 24, 2026 |
| Plaintiff's Opening Claim Construction Brief | Wednesday, September 9, 2026 | Tuesday, December 8, 2026 |
| Defendant's Answering Claim Construction Brief | Wednesday, October 7, 2026 | Tuesday, January 12, 2027 |
| Plaintiff's Reply Claim Construction Brief | Wednesday, October 28, 2026 | Tuesday, February 2, 2027 |
| Defendant's Sur-reply Claim Construction Brief | Tuesday, November 10, 2026 | Tuesday, February 23, 2027 |
| Parties File Joint Claim Construction Brief | Friday, November 13, 2026 | Friday, February 26, 2027 |
| Technology Tutorial (if any) | Friday, November 13, 2026 | Friday, February 26, 2027 |
| *Markman* Hearing | A date in December 2026 that is convenient for the Court | A date in March 2027 that is convenient for the Court |
| Opening Expert Reports | Thursday, February 4, 2027 | Thursday, June 3, 2027 |
| Rebuttal Expert Reports | Thursday, March 4, 2027 | Thursday, July 1, 2027 |
| Reply Expert Reports | Thursday, March 25, 2027 | Thursday, July 29, 2027 |
| Close of Expert Discovery | Thursday, April 22, 2027 | Friday, August 27, 2027 |
| Last Day to File Dispositive Motions or *Daubert* Motions | Thursday, May 20, 2027 | Thursday, October 7, 2027 |
| Deadline to File Oppositions to Dispositive and *Daubert* Motions | Thursday, June 10, 2027 | Thursday, November 4, 2027 |

| Item | Illumina's Proposed Deadline | Element's Proposed Deadline |
|---|---|---|
| Deadline to File Reply Briefs in Support of Dispositive Motions and *Daubert* Motions | Thursday, June 24, 2027 | Thursday, November 18, 2027 |
| Hearing on Dispositive or *Daubert* Motions | A date in September 2027 that is convenient for the Court | A date in December 2027 that is convenient for the Court |
| Pretrial Conference | A date in October 2027 that is convenient for the Court | A date in February 2028 that is convenient for the Court |
| Trial | A date in October 2027 that is convenient for the Court | A date in March 2028 that is convenient for the Court |

4